(No. 40730.—

HAROLD E. WILLIAMS *et al.,* Appellees, *vs.* MADISON COUNTY MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

*Opinion filed September 24, 1968.*

BURTON C. BERNARD and JOSEPH R. DAVIDSON, of Edwardsville, for appellant.

WISEMAN, HALLETT, MOSELE, SHAIKEWITZ & STRUIF, of Alton, for appellees.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant here, Madison County Mutual Automobile Insurance Company, described hereafter as Madison, in 1955 had issued a policy of auto liability insurance to Donald McNew. An automobile operated by McNew collided on March 9, 1956, with one occupied by Harold Williams, Nina Williams and Leroy Scranton. The collision caused the death of Scranton, and Harold and Nina Williams sustained injuries. Madison, on March 27, 1956, wrote to McNew advising that the auto driven by him in the collision was not covered by its policy. Five months later, in August, 1956, Madison brought a declaratory judgment action praying for a declaration that its policy of insurance did not extend coverage to McNew at the time of the

collision. McNew and Harold and Nina Williams and Edgar Scranton, the administrator of the estate of Leroy Scranton, who earlier had brought an action against Mc-New for personal injuries and wrongful death, were named as defendants in such action. On February 11, 1957, Harold and Nina Williams moved to dismiss the complaint as to them and in December, 1957, Edgar Scranton, the administrator, joined in such motion. On February 6, 1958, the trial court sustained the motion and dismissed the complaint as to the movants, leaving only McNew as a defendant in the declaratory judgment proceeding. The trial court on June 3, 1960, entered a summary judgment in favor of Madison in such proceeding. The judgment declared that Madison had no insuring obligation to McNew "or to any other persons or parties who may claim any money, damages, rights or interest in, to or" under the policy of insurance. On July 1, 1960, the plaintiffs filed a pleading which was styled a motion to strike and vacate the portion of the summary judgment referring to claimants such as they, *i.e.,* the portion of the judgment appearing above in quotations. On September 13, 1960, the plaintiffs withdrew this motion and the trial court on its own motion modified its judgment of June 3, 1960, and struck that portion of the judgment which held that the defendant had no insuring obligation to the plaintiffs, *i.e.,* "to any other persons or parties who may claim any money, damages, rights or interest," under the defendant's policy of insurance.

In March, 1961, verdicts for $18,000, $3000 and $4000 were given for Harold Williams, Nina Williams and Edgar Scranton respectively in the personal injury and wrongful death action which had been brought by them against McNew. The defendant denied liability on its policy and the plaintiffs, in July, 1961, brought this proceeding against the defendant averring the circumstances of the collision and that Madison's policy issued to McNew was in force at the time the death and injuries were sustained. Madison

moved to dismiss under section 48 of the Civil Practice Act on the ground that the judgment originally entered in the declaratory judgment action, *i.e.,* the judgment of June 3, 1960, barred the cause of action against Madison. (Ill. Rev. Stat. 1959, chap. 110, par. 48.) The trial court granted the motion for dismissal and the appellate court reversed the judgment of the circuit court. (82 Ill. App. 2d 336.) We granted Madison's petition for leave to appeal.

The appellees are not represented in the appeal to this court.

Madison's action for a declaratory judgment was an appropriate means to have its responsibility under the policy of insurance determined. (Appleman, Insurance Law and Practice, sec. 11354.) Injured claimants are proper parties to such an action and have been held to have been necessary parties to such suit. *Sobina* v. *Busby,* 62 Ill. App. 2d 1; *Fourniotis* v. *Woodward,* 63 Ill. App. 2d 79; *Central Surety & Insurance Corp.* v. *Caswell* (5th cir.), 91 F.2d 607; *Central Surety & Insurance Co.* v. *Norris* (5th cir.), 103 F.2d 116; *cf. Scott* v. *Freeport Motor Casualty Co.,* 392 Ill. 332.

The trial court thus erred in allowing the plaintiffs' motion to be dismissed from the declaratory judgment proceeding. The declaratory judgments were erroneously entered, both as originally composed and as modified, and would not under typical circumstances have been binding on the plaintiffs-claimants here since without all necessary parties the judgment would not be conclusive and *res judicata.* (Declaratory Judgments, Borchard, 2d Ed.; see also Restatement of Judgments, § 79, comment f.) However, here, Madison in its declaratory judgment action did name the plaintiffs-claimants as defendants, seeking a judgment which, if it had been obtained according to Madison's design, would have made "res judicata the matters declared by the judgment, thus precluding the parties to the litigation from relitigating these matters." (Restatement of Judg-

408

ments, § 77, comment b, page 344.) It was the plaintiff's own conduct in moving to be dismissed from the suit that induced the trial court to withdraw them from the litigation in which they properly were defendants. As a consequence of such conduct there was a frustration of the statute's purpose in authorizing declaratory judgment actions to provide "a speedy and inexpensive method of adjudicating legal disputes  *  *  *." *Saline Branch Drainage Dist.* v. *Urbana-Champaign Sanitary Dist.*, 399 Ill. 189.

Having resisted the litigation begun by Madison to determine the question of coverage and having been dismissed from it, the plaintiffs inconsistently in a later action sought to have the same court consider again the proposition they earlier had refused to litigate. This would obviously have involved the duplication of litigation with an added burden on the court and Madison. We believe that the plaintiffs should be precluded from questioning the binding effect of the declaratory judgment, as their conduct in removing themselves as parties was responsible for its not being *res judicata* as to them. (19 Am. Jur., Estoppel, § 72.) They shunned the opportunity to litigate the question they later sought to have decided.

The judgment of the appellate court is reversed, and that of the circuit court is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*