LARRY REAGOR et al., Plaintiffs-Appellants, v. TRAVELERS INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)    No. 79-996

Opinion filed December 17, 1980.—Rehearing denied January 19, 1981.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and Patricia T. Adelman, of counsel), for appellants.

Raymond R. Cusack, of Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Larry and Myra Reagor, filed a complaint for declaratory judgment in the circuit court of Cook County. They sought a declaration of coverage under a liability insurance policy which defendant Travelers Insurance Company had issued to Dyer Construction Company. Travelers filed a motion to dismiss, claiming that plaintiffs lacked standing to bring the suit and that the suit should be dismissed on the basis of *forum non conveniens*. The trial court dismissed the suit with prejudice. We reverse and remand.

Plaintiff Larry Reagor was injured on June 13, 1970, at Lake Minnehaha in Portage, Indiana. The lake had been created as the result of sand excavation done by Dyer and was used by the public for recreational purposes. Diving from a cliff into the lake, Reagor struck a sand bar and sustained injuries resulting in quadriplegia. At the time of the accident, plaintiffs were Indiana residents.

Plaintiffs filed a complaint for damages in Porter County, Indiana, naming Dyer as one of the defendants. During discovery, plaintiffs learned that Travelers had issued Dyer a liability insurance policy for the period April 14, 1970, to April 14, 1971. Travelers assumed the defense of Dyer but later withdrew when Dyer agreed that plaintiffs' claim was not covered by the policy.

Plaintiffs subsequently filed a complaint in Cook County, Illinois, for a declaratory judgment to determine coverage under the insurance policy issued by Travelers to Dyer. At the time this complaint was filed, plaintiffs were no longer residents of Portage, Indiana, but were living in Georgia, where they continue to reside. Dyer, an Indiana corporation, was named as a defendant but is not involved in this appeal. Travelers filed a motion to dismiss on the grounds that plaintiffs lacked standing to sue and *forum non conveniens*. The trial court granted Travelers' motion.

■■ We first address the issue of whether plaintiffs have standing to bring this action. In order to maintain a declaratory judgment action, there must be an actual controversy between parties capable of being affected by a determination of the controversy. Ill. Rev. Stat. 1977, ch. 110, par. 57.1(1); *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375-76, 362 N.E.2d 298, 300-01; *Royal Globe Insurance Co. v. Aetna Insurance Co.* (1980), 82 Ill. App. 3d 1003, 1005-06, 403 N.E.2d 680, 682.

■■ Here, a controversy stems from the coverage afforded under a liability insurance policy. Plaintiffs maintain that the insurance policy, issued by Travelers, covers Dyer's potential liability in the personal injury suit brought by plaintiffs. Travelers undertook the defense of Dyer in the personal injury suit but later withdrew its representation. Although Travelers and Dyer agreed that there was no coverage, that agreement is obviously not dispositive of the issue as it may affect plaintiffs. Neither the insured nor the insurer, acting separately or together, may act to defeat the rights of the injured person. (See *France v. Citizens Casualty Co.* (1948), 400 Ill. 55, 59, 79 N.E.2d 28, 30; *Shapiro v. Republic Indemnity Co.* (1959), 52 Cal. 2d 437, 440, 341 P.2d 289, 291.) Thus, despite the agreement between Travelers and Dyer, there is a real possibility that plaintiffs will look to Travelers for payment of any damages which may be awarded in the underlying tort action. (See 22 Am. Jur. 2d *Declaratory Judgments* §41 (1965).) It follows that there is an actual controversy between plaintiffs and Travelers, and that both of them are capable of being affected by a determination of the controversy.

■■ Travelers argues that there is no legal relationship between the parties since plaintiffs were not parties to the insurance contract. However, liability insurance is no longer considered merely a private matter between an insured and an insurer. (See *M.F.A. Mutual Insurance Co. v. Cheek* (1975), 34 Ill. App. 3d 209, 217, 340 N.E.2d 331, 337, *aff'd* (1977), 66 Ill. 2d 492, 363 N.E.2d 809.) Rather, liability insurance abounds with public policy considerations, one of which is that the risk-spreading theories of such policies should operate to afford affected members of the public the maximum protection possible consonant with fairness to the insurer. (*M.F.A. Mutual*, 66 Ill. 2d 492, 501, 363 N.E.2d 809, 813.) In

this respect, we adopt the position that injured members of the general public are beneficiaries of liability insurance policies. See generally *M.F.A. Mutual,* 66 Ill. 2d 492, 499, 363 N.E.2d 809, 813; *Government Employees Insurance Co. v. Dennis* (1967), 90 Ill. App. 2d 356, 360-61, 232 N.E.2d 750, 752; *Gothberg v. Nemerovski* (1965), 58 Ill. App. 2d 372, 386, 208 N.E.2d 12, 20; 4 A. Corbin, Contracts §807 (1951).

■■ As a beneficiary of a liability insurance policy, an injured person has rights under the policy which vest at the time of the occurrence giving rise to his injuries. (*Bossert v. Douglas* (Okla. 1976), 557 P. 2d 1164, 1167; see *France v. Citizens Casualty Co.* (1948), 400 Ill. 55, 59, 79 N.E.2d 28, 30.) Moreover, he is a real party in interest to the liability insurance contract. (*Government Employees Insurance Co. v. Dennis* (1967), 90 Ill. App. 2d 356, 361, 232 N.E.2d 750, 752; *Gothberg v. Nemerovski* (1965), 58 Ill. App. 2d 372, 386, 208 N.E.2d 12, 20.) The injured person must be given the opportunity to litigate the question of coverage under the liability insurance policy before his interest in the insurance may be terminated. (See *M.F.A. Mutual Insurance Co. v. Cheek* (1975), 34 Ill. App. 3d 209, 212, 340 N.E.2d 331, 334, *aff'd* (1977), 66 Ill. 2d 492, 363 N.E.2d 809.) Thus, where an insurer brings a declaratory judgment action to determine coverage of a claim made against its insured, the injured person is a necessary party to the suit (see *M.F.A. Mutual,* 66 Ill. 2d 492, 495, 363 N.E.2d 809, 811; *Williams v. Madison County Mutual Automobile Insurance Co.* (1968), 40 Ill. 2d 404, 407, 240 N.E.2d 602, 604), and the injured person may appeal from a judgment that there is no coverage. *General Casualty Co. v. Olsen* (1977), 56 Ill. App. 3d 986, 987-88, 372 N.E.2d 846, 848.

■■ Applying these principles to this case, we conclude that at the time of Larry Reagor's accident, plaintiffs became beneficiaries under the liability insurance policy issued by Travelers to Dyer. Also, there is a sufficient legal relationship between plaintiffs and Travelers to enable plaintiffs to litigate the question of coverage under the policy. Travelers' argument that plaintiffs cannot maintain this declaratory judgment action because there is no legal relationship between the parties is without merit.

■■ Travelers also argues that this action cannot be maintained because it would be contrary to our State's policy of prohibiting direct actions against an insurer before judgment has been rendered against its insured. However, the rationale underlying this policy is that disclosure of liability coverage at a trial against an insured for injuries resulting from his negligence constitutes prejudicial error. (*Marchlik v. Coronet Insurance Co.* (1968), 40 Ill. 2d 327, 333, 239 N.E.2d 799, 803.) Thus, adherence to this policy is required when the issue of the insurer's liability would be intermingled with that of the liability of the insured and with the assessment of damages. (See *Loeber Motors, Inc. v. Sims* (1975), 34 Ill.

App. 3d 342, 350-51, 340 N.E.2d 132, 137-38.) Clearly, this is not the situation here. The issue of coverage, which is the subject of this action, has been effectively severed from any question of the insured's liability and the assessment of damages, which will be determined in the pending personal injury action. Under these circumstances, plaintiffs' declaratory judgment action cannot be barred on the basis that it is a direct action suit against the insurer. See *Gianinni v. Bluthart* (1971), 132 Ill. App. 2d 454, 460-61, 270 N.E.2d 480, 484; *Loeber Motors, Inc.*, 34 Ill. App. 3d 342, 353, 340 N.E.2d 132, 140 (Simon, J., concurring in part and dissenting in part).

■■ We next address the *forum non conveniens* issue. This doctrine is founded on considerations of fundamental fairness and efficient judicial administration. (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729, 730; *A. E. Staley Manufacturing Co. v. Swift & Co.* (1978), 65 Ill. App. 3d 427, 431, 382 N.E.2d 667, 670.) It presupposes that there are two or more forums where proper jurisdiction over the parties and subject matter might obtain, and it furnishes criteria for choosing between them. (See *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 507, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) These criteria include practical considerations such as the relative ease of access to proof and witnesses, the enforceability of the judgment in another jurisdiction, the personal interests of the litigants, and such public interests as the congestion in the forum court and the burden which would be placed on residents where the cause of action is to be tried. (See generally *Gulf Oil Corp.*, 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843; *Adkins*, 54 Ill. 2d 511, 514, 301 N.E.2d 729, 730; *Sears, Roebuck & Co. v. Continental Insurance Co.* (1972), 9 Ill. App. 3d 287, 289, 292 N.E.2d 75, 77.) Unless the factors weigh strongly in favor of the defendant, plaintiff's choice of forum should not be changed. *Gulf Oil Corp.*, 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843; *Sears, Roebuck & Co.*, 9 Ill. App. 3d 287, 289, 292 N.E.2d 75, 77.

■■ In the present case, although plaintiffs were residents of Indiana at the time of the occurrence, they now reside in Georgia. Travelers has a regional office in Cook County and therefore it is deemed a resident of Cook County for purposes of venue. (See Ill. Rev. Stat. 1977, ch. 110, par. 6.) Moreover, suits on insurance contracts are ordinarily considered transitory actions which may be brought wherever jurisdiction of the parties may be obtained, regardless of where the contract was made or was to be performed. (See *Walrus Manufacturing Co. v. New Amsterdam Casualty Co.* (S.D.Ill. 1960), 184 F. Supp. 214, 223.) Thus, Travelers' argument that Cook County is a *forum non conveniens* because the insurance policy in question was executed in Indiana by two residents of that State is unavailing.

Travelers also contends that all the documents and witnesses neces-

sary for both the personal injury suit and the declaratory judgment action are within the jurisdiction of the Porter County court. While we recognize that there are certain practical considerations which favor having both causes of action tried in Porter County, we must keep in mind that the doctrine of *forum non conveniens* is intended to serve the convenience of the parties and the ends of justice as to the specific suit under consideration. (See *A. E. Staley Manufacturing Co. v. Swift & Co.* (1978), 65 Ill. App. 3d 427, 431, 382 N.E.2d 667, 670.) In this regard, Travelers has not claimed that it would be burdened by having to defend the declaratory judgment action in Cook County rather than Porter County. As a practical matter, the distance between these two forums is not great, and the distance should not interfere with the accessibility to proof or witnesses in the declaratory judgment action. Moreover, Travelers has not claimed that the suit was filed in Illinois for purposes of vexation or harassment (see *Presbyterian Church v. St. Louis Union Trust Co.* (1974), 18 Ill. App. 3d 713, 718, 310 N.E.2d 412, 417), nor has Travelers alleged that it would not be afforded a fair and impartial hearing in the Illinois courts. (See *American Home Assurance Co. v. Northwest Industries, Inc.* (1977), 50 Ill. App. 3d 807, 814, 365 N.E.2d 956, 962.) Finally, we note that nothing in the record suggests that the case would unnecessarily burden the court or the forum community. Accordingly, the factors relevant to a determination of *forum non conveniens* do not weigh so strongly in favor of Travelers that plaintiffs should be ousted from their choice of forum.

■■ We next address the question of what declaratory relief may be granted within the context of determining coverage under the insurance policy. In a liability insurance policy, the insurer has not only agreed to accept the risk of an occurrence, but also to provide legal services to its insured in any legal action which reasonably could touch upon the policy. If the insurer refuses to defend, it is estopped from later alleging that the insured was not covered under the policy or that there were policy defenses. But, there is no estoppel where the insurer was not given an opportunity to defend, where there was no policy in existence or where, when the policy and the complaint are compared, there is clearly no coverage. (*La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 451-52, 408 N.E.2d 928, 933-34.) Thus, an injured person's beneficial interest in a liability insurance policy may be dramatically affected by the conduct of the insured, which may determine whether the insurer was given an opportunity to defend. In this regard, if an insured reaches an erroneous conclusion regarding coverage, then the injured party might be precluded from pursuing his beneficial interests under the policy against the insurer if the insured proves to be insolvent. This result manifests why neither the insured nor the insurer, acting separately or together, may act to defeat the rights of the injured person.

It also demonstrates why, despite the agreement between Travelers and Dyer, there should be a judicial determination as to whether Travelers has a duty to defend Dyer in the personal injury action. Accordingly, the trial court in this case may grant declaratory relief determining whether there is coverage under the policy and, within the context of determining coverage, whether Travelers has a duty to defend Dyer in the personal injury action.

The order dismissing the suit is therefore reversed, and the case is remanded for further proceedings consistent with what is stated herein.

Reversed and remanded.

McGILLICUDDY, P. J., and SIMON, J., concur.