NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak, *et al.*, Plaintiffs-Appellants, v. CONTINENTAL INSURANCE COMPANY, Defendant-Appellee (Illinois Insurance Guaranty Fund *et al.*, Defendants).

First District (5th Division)   No. 1—92—0573

Opinion filed November 13, 1992.—Rehearing denied December 16, 1992.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, Richard F. Johnson, and Mary Pat DeChant, of counsel), for appellants.

Michael Resis, of Querrey & Harrow, Ltd., of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs, National Railroad Passenger Corporation, a/k/a Amtrak (Amtrak), and Illinois Central Gulf Railroad Company (ICG), appeal from an order of the circuit court which granted defendant, Continental Insurance Company (Continental), summary judgment in its favor in a declaratory judgment action brought to determine insurance coverage. The underlying cause of action involving the other named defendants still pends in the lower court. Jurisdiction is vested in this court, however, because the trial court found that there was no just reason to delay enforcement or appeal. 134 Ill. 2d R. 304(a).

The facts of this case are as follows.

On July 23, 1983, Grane Leasing Corporation (Grane) leased an International Harvester delivery van, bearing 1983 Illinois registration No. 11342J and serial No. AA 185 JHA 20577, to Mickey L. Pursley (Pursley) and Marquette Motor Systems (Marquette). According to the leasing agreement, the "renter," *i.e.*, Pursley and Marquette, agreed to provide all insurance.

On July 28, 1983, Pursley, while driving the leased van in the course of his employment with Marquette, collided with Amtrak passenger train No. 301 at the New River Road crossing near Wilmington, Illinois. As a result of the collision, the train derailed and several Amtrak passengers were injured.

On December 31, 1987, Amtrak and ICG (plaintiffs) filed a complaint for declaratory judgment against Continental and Mission National Insurance Company (Mission) seeking a declaration that Grane was covered by a valid contract for liability insurance through a primary policy with Continental and an umbrella policy with Mission and that Pursley and Marquette, as permissive users of the leased vehicle, were additional insureds under these policies. Amtrak alleged in the complaint that it sustained property damage in excess of $1.6 million, that ICG sustained property damage in excess of $36,000, and that Amtrak had already paid in excess of $444,000 to settle the claims of passengers, with additional claims still pending.

Mission was in liquidation at the time and subject to the State Liquidation Court of California. Consequently, on March 1, 1989, Amtrak and ICG moved to dismiss Mission and amend the complaint to name the Illinois Insurance Guaranty Fund (IIGF) as a party defendant. The motion was granted, and on May 8, 1989, the amended complaint was filed.

On October 2, 1989, IIGF moved to dismiss the amended complaint contending that the declaratory action was improper because it failed to allege an actual controversy and because it was an impermissible direct cause of action against an insurer.

In response, Amtrak and ICG filed, on November 8, 1989, a second amended complaint in which they contended that they had made a demand upon Continental and Mission insurance companies to defend and indemnify Pursley and Marquette but that neither insurance company had done so and that this created an actual controversy over insurance coverage.

On April 12, 1990, IIGF again moved to dismiss the complaint, asserting, in addition to the reasons set forth in the previous mo-

tion, that plaintiffs had no standing to bring the declaratory action. Plaintiffs then moved to file a third amended complaint in response to the motion to dismiss. In the third amended complaint plaintiffs contended that their declaratory action was not improper. First they cited to *Williams v. Madison County Mutual Automobile Insurance Co.* (1968), 40 Ill. 2d 404, 240 N.E.2d 602, and *Reagor v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99, 415 N.E.2d 512, for the proposition that they, as injured claimants, were proper parties to a declaratory action. Next, plaintiffs indicated that judgments had been entered against Pursley and Marquette in at least two negligence actions; thus, the declaratory action was neither premature nor speculative. Finally, plaintiffs cited to *Reagor* for the proposition that a declaratory judgment action which seeks a determination of insurance coverage is proper in cases such as this.

On August 15, 1990, IIGF moved to dismiss the third amended complaint, raising the same issues as in its previous motions to dismiss, but also asserting that the complaint should be dismissed for failure to join the insureds as party defendants. This motion to dismiss was later abandoned based upon plaintiffs' representation that a fourth amended complaint would be filed.

On December 12, 1990, plaintiffs sought leave to file a fourth amended complaint. The motion was granted December 21, 1990, and on March 28, 1991, a fourth amended complaint was filed in which Marquette, Pursley and Grane were added as party defendants. In addition, plaintiffs indicated in this fourth amended complaint that a cause of action had been initiated by plaintiffs against Pursley and Marquette for damages arising out of the July 28, 1983, accident and that neither Continental nor IIGF had undertaken the defense.

On April 9, 1991, Continental brought a motion for summary judgment stating that no issues of material fact existed and that the court should find as a matter of law that the Continental insurance policy did not provide liability coverage for the benefit of Pursley or Marquette at the time of the railroad accident. In essence, Continental's position was that, due to a reciprocal coverage clause in its policy, the Continental policy issued to Grane did not cover Pursley and Marquette because plaintiffs did not produce or allege that any policies of insurance existed which where issued to Marquette and Pursley and which insured Grane on a primary basis.

Plaintiffs opposed the motion for summary judgment in a response filed May 17, 1991. In the response plaintiffs argued that

Pursley and Marquette were additional insureds under the Continental policy and that Pursley and Marquette were, in fact, covered by policies of insurance issued by Casualty Insurance Company (Casualty) and the General Insurance Company of Trieste and Venice (General), which also provided primary coverage for Grane.

Continental filed a reply in support of its motion for summary judgment in which it disputed plaintiffs' claim that Grane was provided primary coverage under either the Casualty or General policies. Proceedings were held regarding Continental's motion for summary judgment on June 19, 1991. After the proceedings the trial court granted Continental's motion for summary judgment, finding that Continental owed no liability coverage for the July 28, 1983, railroad accident. The trial court agreed that, based upon the reciprocal clause in the Continental insurance policy, liability coverage was extended to Pursley and Marquette only if Grane was insured on a primary basis under one of their policies. Since the court held that Grane was not an insured under either policy issued to Marquette, the court held that the Continental policy was not implicated.

Continental later moved to have Rule 304(a) language placed in the order granting them summary judgment, and this motion was granted on January 17, 1992. Also in the January 17 order, IIGF's motion to dismiss the fourth amended complaint was denied and the action apparently still pends against it in the lower court. On February 14, 1992, Amtrak and ICG filed their notice of appeal.

The only issue raised in the appeal is whether the trial court erred in granting Continental's motion for summary judgment. Amtrak and ICG contend that the reciprocal coverage provision in Continental's policy was satisfied by the policy of insurance issued to Marquette by either Casualty or General, or both. Plaintiffs contend that Grane was covered on a primary basis under one or both of these policies of insurance issued to Marquette and, therefore, Continental's policy should reciprocate and provide liability coverage for Pursley and Marquette with regard to the July 28, 1983, accident.

The three policies of insurance at issue here are the Continental policy issued to Grane and the Casualty and General policies issued to Marquette.

The Continental policy provided:

"Part IV. Liability Insurance

\* \* \*

D. Who is an Insured.
1. You are an insured for any covered auto.

2. Anyone else is an insured while using with your permission a covered auto you own, hire, or borrow \*\*\*."

The policy's reciprocal coverage provision states as follows:

"None of the following is an insured:

1. Any trucker, or his or her agents or employees other than you and your employees;

\* \* \*

b. If the trucker is insured for hired autos under an auto liability insurance policy which does not insure on a primary basis the owners of the autos and their agents and employees while the autos are being used exclusively in the trucker business and over a route or territory the trucker is authorized to serve by public authority."

It is the above-quoted reciprocal clause upon which Continental relies to show that Pursley and Marquette are not additional insureds under their policy with Grane. Continental argues that, pursuant to the reciprocal clause, because Pursley and Marquette are truckers who are not employees of Grane, they are not insured under the Continental policy unless they are insured by a policy which reciprocates, *i.e.*, insures Grane (the owner of the auto) on a primary basis.

Both the trial court and plaintiffs agree that this reciprocal clause validly limits coverage based upon the existence of primary coverage afforded to Grane by Marquette. Consequently, the issue is not whether the reciprocal clause is effective or enforceable. Rather, the issue is whether the policies of insurance issued to Marquette covered Grane on a primary basis. A second question is what does it mean to insure the owner "on a primary basis." Continental's response at oral argument was that primary coverage was "the first line of coverage." However, that does not really answer the question.

Marquette's policies of insurance were provided by Casualty and General. The Casualty policy is an expansive one which takes up more than 50 pages of the record. It appears to provide comprehensive and collision protection for Marquette's fleet, which consists of a large number of leased vehicles. The leased vehicles are listed separately, by lessor, and are identified by model, type and identification number. The International Harvester van that was involved in the railroad accident at issue here was not among the listed insured vehicles. Nevertheless, plaintiffs rely upon a schedule in the policy entitled "Truckmen—Gross Receipts and Mileage Basis" as

support for their contention that Grane was an insured under the policy.

This schedule (which is an endorsement which modifies the general policy of insurance) states as follows:

"It is agreed that such insurance as is afforded by the policy applies with respect to any *owned automobile, hired automobile* and, while being used in the business of the named insured, any *non-owned automobile*, subject to the following provisions:

1. With respect to insurance for bodily liability and for property damage liability afforded by this endorsement the 'Persons Insured' provision of the policy is replaced by the following:

PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

\* \* \*

(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b), or (c) above." (Emphasis added.)

Continental appears to concede that pursuant to this provision "Grane could qualify as an additional insured 'but only with respect to' its liability for the acts or omissions of Pursley and Marquette." (Continental brief, at 12.) Nevertheless, Continental contends, and the trial court held, that because Grane was not legally liable for the acts or omissions of Pursley and Marquette (Grane had been granted summary judgment in an earlier proceeding) it was not an insured under the policy and the reciprocal clause of the Continental policy was not triggered.

With regard to the General policy, there is no dispute that the policy of insurance issued by General to Marquette was written as an umbrella policy providing excess coverage over that provided by Casualty. However, plaintiffs assert that the policy contained language which converted the policy into a policy providing primary coverage in those instances where the underlying coverage was unavailable. The provision relied upon is section III, entitled "LIMIT OF LIABILITY," and states as follows:

"The Company shall only be liable for the ultimate net loss the excess of either

(a) the limits of the underlying insurances as set out in the attached schedule in respect of each occurrence covered by said underlying insurances.

or

> (b) the amount as set out in Item 2(c) of the Declarations [the deductible] ultimate net loss in respect of each occurrence not covered by said underlying insurances."

Neither Continental nor the trial court addressed this provision. They merely relied on the fact that the policy was an umbrella policy. Furthermore, Continental appears to concede that Grane would be an insured under paragraph (d) of the General policy. Nevertheless, Continental contends that the trial court properly held that because the policy is an umbrella policy it does not afford Grane primary coverage and, thus, does not trigger the reciprocal clause.

In light of the policies of insurance and the provisions of these policies which have been cited above, we must disagree with the trial court's ruling and Continental's position on appeal. As plaintiffs argue, we believe that the term "on a primary basis" in the reciprocal clause of Continental's policy required only that Grane be afforded first-line coverage or liability protection by Marquette's insurance in the event that it was held liable or accountable for any acts or omissions of a trucker who leased Grane's equipment and used the equipment in the furtherance of the trucker's business. The fact that Grane did not incur any liability in this case is not relevant. Because it seems clear to this court that the Casualty insurance policy did encompass Grane as an additional insured and that, even if the Casualty policy of insurance somehow failed, the General policy provided insurance for Grane, we find that the reciprocal clause of the Continental policy was satisfied. Thus, we find that Pursley and Marquette were additional insureds under the Continental policy of insurance.

The order granting Continental summary judgment is reversed and the case remanded for further proceeding consistent with this opinion.

Reversed and remanded.

McNULTY, P.J., and LORENZ, J., concur.