CHARLES E. PRATT, Plaintiff-Appellant, v. RONDELL J. ANDREWS *et al.*, Defendants-Appellees.

First District (4th Division) No. 85—3596

Opinion filed November 5, 1987.—Rehearing denied January 6, 1988.

Craig M. Armstrong, of Armstrong, Surin & Engels, of Ottawa, for appellant.

Pretzel & Stouffer, Chartered, of Chicago, for appellees.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Charles Pratt (Pratt) appeals from the order of the circuit court of Cook County that dismissed the second count of his amended complaint. The dismissed count sought damages from defendant Express Freight Lines, Inc. (Express Freight), on the theory that Pratt was a third-party beneficiary to Express Freight's lease agreement with Rondell Andrews (Andrews) regarding Andrews' operation of a tractor and semitrailer. Andrews had driven the semi in an allegedly negligent manner, causing Pratt to sustain personal injuries. We affirm.

BACKGROUND

According to the well-pleaded allegations in Pratt's complaint as ultimately amended, Pratt sustained personal injuries on March 19, 1980, when the tractor and semitrailer he was operating on a highway in Hammond, Indiana, was struck by a semi being driven by Andrews. Andrews was operating the vehicle under a lease agreement with Ex-

press Freight and under the authority of Express Freight's Interstate Commerce Commission (ICC) permit. At the time, Express Freight was an authorized carrier pursuant to Federal regulations. See 49 C.F.R. §1057.2(a) (1986).

After any tort liability that could be asserted against Express Freight or Andrews had been barred by the two-year statute of limitations, Pratt filed his complaint, in which he maintained that because of ICC regulations, Express Freight was required to clearly specify in its lease with Andrews that Express Freight had a legal obligation to maintain insurance coverage for the protection of the public. (49 C.F.R. §1057.12(k) (1986).) Pratt also claimed that Express Freight's lease was required to state Express Freight's obligation "to be completely responsible for the operation and proper maintenance" of the semi which Andrews had been operating.

Pratt asserted that he was a third-party beneficiary of the lease between Andrews and Express Freight. He argued that if Andrews were not covered by Express Freight's insurance, then Express Freight breached the lease agreement by failing to obtain insurance. He also argued that Express Freight breached the lease by "failing to assume complete responsibility and control of the vehicle being operated by Andrews" and by "failing to properly maintain the equipment."

Express Freight filed a motion to dismiss the count of the complaint directed to it, relying upon section 2—615 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) In this motion, Express Freight asserted that at the time of the accident, Andrews was the owner and driver of the semitrailer vehicle. According to Express Freight, Andrews had leased the vehicle to Express Freight for a trip to deliver various goods. Express Freight was therefore the lessee of the vehicle, and Andrews was the driver. Thus, under pertinent Federal regulations, Andrews was the owner/trip lessor and Express Freight was the trip lessee. Express Freight argued that under Federal regulations, it was obligated, as trip lessee, to maintain insurance coverage for its benefit and the benefit of the public, but not for the benefit of Andrews, the owner/trip lessor. See 49 C.F.R. §§1057.11, 1057.12 (1986).

Express Freight also maintained that Pratt was attempting to circumvent his own error. It claimed that Pratt could have filed a tort action for bodily injuries against Express Freight, or Andrews as employee of Express Freight, within two years after the accident occurred. In fact, Express Freight argued, Express Freight had insurance coverage to defend and be indemnified for any judgment

resulting from such a lawsuit. Express Freight further argued that even if the lease agreement required that it be generally liable for any operation of the semi, Pratt was not an intended beneficiary of the lease. Finally, Express Freight asserted that Pratt's action against Express Freight was premature because Express Freight had filed a declaratory judgment action to determine the extent of its insurance coverage and that the declaratory judgment action was still pending and unresolved. Express Freight also argues that Pratt's action was premature because judgment had not been entered in the personal injury suit Pratt filed against Andrews.

Following briefing and argument, the trial court allowed the motion and dismissed the count with prejudice, finding no just reason to delay enforcement of or appeal from the order. The trial court's order did not specify the basis for its allowance of Express Freight's motion to dismiss. Pratt's timely appeal followed.

OPINION

On appeal, Pratt contends that count II of his amended complaint stated a claim that Express Freight breached its lease agreement with Andrews, and that Pratt, as a third-party beneficiary, is entitled to damages for injuries he sustained as a result of Express Freight's breach. Specifically, Pratt asserts that the lease agreement obligated Express Freight to obtain liability insurance covering Andrews as an insured. Pratt claims that Express Freight's duty to obtain such insurance arises by virtue of ICC regulations.

Express Freight responds that it was not required to obtain liability insurance in which Andrews would be specified as an insured. We agree. ICC regulations do not require Express Freight to procure such insurance. Instead, an ICC-certified carrier must obtain an insurance policy which is "sufficient to pay *** for each final judgment against the *carrier* for bodily injury to, or death of, an individual resulting from the negligent operation, maintenance, or use of motor vehicles" under the carrier's permit. (Emphasis added.) (49 U.S.C. §10927(a)(1) (1986); see also 49 C.F.R. §1043.1(a) (1986).) Also, a "motor carrier *** that uses motor vehicles not owned by it to transport property under an arrangement with another party [must] *** obtain liability and cargo insurance on [the vehicles]." (49 U.S.C. §11107(a)(3) (1986).) A motor carrier/lessee is also required to "have control of and be responsible for operating those [leased] motor vehicles." (49 U.S.C. §11107(a)(4) (1986).) Consequently, a lease between a carrier and a driver must provide that the carrier has "exclusive possession, control and use of the equipment for the duration of the lease" and that the

carrier "assume[s] complete responsibility for the operation of the equipment" during the lease. 49 C.F.R. §1057.12(c) (1986).

These ICC regulations do not require that the carrier obtain liability insurance in which a driver is specified as a named insured. As the court observed in *American General Fire & Casualty Co. v. Truck Insurance Exchange* (D. Kan. 1987), 660 F. Supp. 557, 568, "[A]ll the relevant federal statutes and regulations speak in terms of insurance covering final judgments obtained against the carriers. Since Congress has decided to impose liability on motor carriers for any negligent operation, maintenance or use of vehicles under the carriers' permits, it is not improper for the insurer to require that the carrier be made a party to the action in order to protect their interests." 660 F. Supp. at 568.

The court further reasoned that although "[t]he effect of federal law is to make [the driver] a 'statutory' employee of [the carrier] [citation], [the driver's] employee status does not mean that he was or should have been an insured under the [carrier's] policy. *** Since the carrier has 'complete responsibility for the operation of the equipment' during the lease, 49 U.S.C. sec. 11107(a)(4), 49 C.F.R. sec. 1057.12(c), an injured party always has recourse against the carrier for negligent maintenance and/or operation of the carrier's vehicles" (660 F. Supp. at 567), and the motor carrier/lessee fulfills its statutory obligation when it "obtain[s] an insurance policy to cover 'each final judgment against the carrier' " in accordance with 49 U.S.C. section 10927 and 49 C.F.R. section 1043.1(a). (660 F. Supp. at 567.) Thus, the court concluded, "The public is protected without requiring that the carrier also insure all its drivers." 660 F. Supp. at 567.

Based upon this analysis, we determine that ICC regulations do not obligate Express Freight to obtain liability insurance in which Andrews would be specified as a named insured. We also hold that Pratt has no standing to litigate the insurance coverage extended to Andrews or Express Freight. (See *Batteast v. Argonaut Insurance Co.* (1983), 118 Ill. App. 3d 4, 454 N.E.2d 706.) Consequently, count II of Pratt's amended complaint was properly dismissed for failure to state a claim for which relief could be granted.

Pratt argues that *Reagor v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99, 415 N.E.2d 512, and *Gothberg v. Nemerovski* (1965), 58 Ill. App. 2d 372, 208 N.E.2d 12, support his theory that he is an intended beneficiary of Express Freight's lease agreement with Andrews. Both decisions are distinguishable from the case at bar, however.

In *Reagor*, the court held that an injured person is deemed to

have an interest in the adjudication of insurance coverage disputes and is a necessary party to a declaratory judgment action regarding the coverage provided by the policy. Pratt does not seek a declaratory judgment regarding the scope of coverage provided by Express Freight's insurance policy; *Reagor* is therefore inapposite.

*Gothberg* is also distinguishable, since its holding is premised on distinct public policy considerations regarding automobile liability insurance policies. The policy at issue here is not for automobile liability insurance, and *Gothberg* is not controlling or persuasive authority with respect to Pratt's contention.

Based upon these considerations, we find count II was properly dismissed for failure to state a claim. As a result, the order of the circuit court of Cook County is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.