TOBI ENGINEERING, INC., Plaintiff-Appellant, v. NATIONWIDE MU-
TUAL INSURANCE COMPANY, Defendant-Appellee.

First District (6th Division)   No. 1—90—2313

Opinion filed May 24, 1991.

Cooney & Conway, of Chicago (James E. Ocasek, of counsel), for appellant.

Lanigan & Sadewater, of Chicago (Brent Sadewater, of counsel), for appellee.

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff-appellant Tobi Engineering Co. (Tobi) appeals the entry of summary judgment in favor of defendant-appellee Nationwide Mutual Insurance Co. (Nationwide). Tobi brought the action against Na-

tionwide asserting that Nationwide wrongfully refused to defend Tobi in an action brought in Louisiana. The trial court held that the Louisiana action was not one which Nationwide was obligated to defend, and that assuming that the Louisiana claim was initially one within the coverage, defense of the action was excluded by the policy. We affirm.

Nationwide issued a general liability policy of insurance to Tobi in March of 1986. Tobi was engaged in the business of manufacturing rubber goods, including bearing pads used in bridge construction, and supplied bearing pads for a project in Louisiana. The contractor to that project, Afco Steel, Inc. (Afco), filed a lawsuit against Tobi in the Federal district court in Louisiana.

Nationwide, in refusing to defend the Afco lawsuit, wrote to Tobi, stating that exclusions P and M(1) of the policy applied to the claim. Counsel for Tobi disputed this conclusion in correspondence to Nationwide. Nationwide wrote to Tobi again, stating that it had reviewed the claim and that its conclusion remained the same. After Tobi sued, however, Nationwide pleaded the affirmative defense that the claim was not included in coverage of the policy in the first instance.

The Afco complaint contained the following allegations. Defendant Tobi was in the business of manufacturing Durameter pads used in the construction of highways. Tobi and Afco entered into a contract for the purchase and delivery in Louisiana of pads to be used in the construction of a Louisiana project. The pads which Tobi delivered were defective, however, and Afco would not have contracted to purchase the pads had it known that they were defective, which rendered them useless. Tobi breached its contract with Afco, Afco alleged, by failing to timely deliver nondefective pads to Afco. Due to the delivery of defective pads and the subsequent delay in procuring a substitute, Afco became liable for delay damages to the State of Louisiana. Afco asserted that it was entitled to a return of the purchase price, reimbursement of delay damages, and damage to Afco's business reputation in the amount of $300,000. Finally, the complaint alleged that Tobi was a manufacturer in bad faith and thus Afco was entitled to attorney fees.

The insurance policy provided that coverage existed for bodily injury (which Tobi does not argue applies) and property damage (which Tobi argues does apply). The policy states with respect to property damage coverage: "The company will pay on behalf of insured all sums which the insured shall become legally obligated to pay because of *** property damage to which this insurance applies, caused by an occurrence." The policy states:

" 'property damage' means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period."

An "occurrence," according to the policy, "means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**."

Exclusion M(1) of the policy provides that insurance does not apply to:

"loss of use of tangible property which has not been physically injured or destroyed resulting from (1) a delay in or lack of performance by or on behalf of the insured of any contract or agreement."

The other provisions of the policy which are relevant to this appeal include exclusion P, which provides that the insurance does not apply to "damage claimed for the withdrawal, inspection, repair, replacement or loss of use of the named insured's product or any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein." The personal injury and advertising injury section of the policy provides coverage for acts of defamation, unfair competition, infringement of copyright and other, similar types of activity in connection with advertising activities. The completed operations provision applies to bodily injury or property damage occurring after operations have been completed and where such bodily injury or property damage arises out of operations or reliance upon a representation or warranty.

The first issue we address is whether Nationwide waived any policy defense except the application of the two exclusions. Tobi contends that Nationwide waived its right to raise any policy defense except exclusion provisions M and P. This is because Nationwide wrote Tobi a letter indicating that coverage would be denied due to these exclusionary provisions, and, after Tobi's counsel wrote to Nationwide arguing that the exclusionary provisions did not apply, Nationwide wrote Tobi again, indicating that it had reviewed the matter and that its position remained unchanged. Tobi argues that the letters are "two specific, affirmative acts evidencing no intent to rely on any other defenses."

In support of its waiver argument, Tobi cites two cases. In *Krutsinger v. Illinois Casualty Co.* (1957), 10 Ill. 2d 518, 141 N.E.2d 16, the court held that where an insurer wishes to assert nonliability under a policy, it must so notify the insured without delay so as to protect the insurer from inability to save itself from loss and damages. (*Krutsinger*, 10 Ill. 2d at 526.) In *Krutsinger*, there had been an initial indication from the insurer that the defense would be undertaken, and it was not until many months after the claim was filed that the insurer asserted nonliability. Here, conversely, Nationwide promptly notified Tobi of its intent not to defend.

■■ Tobi also cites the case of *Cowan v. Insurance Co. of North America* (1974), 22 Ill. App. 3d 883, 318 N.E.2d 315, for the proposition that "[i]f a letter regarding potential policy defense is sent to an insured it must be strictly interpreted and construed most strongly against the insurer." *Cowan* did not involve a refusal to defend, but rather a reservation of rights where the court observed "bare notice of a reservation of rights is insufficient unless it makes specific reference to the policy defense which may ultimately be asserted and to the potential conflict of interest." (*Cowan*, 22 Ill. App. 3d at 896.) The purpose of this rule is to help the insured decide if the insured wishes to retain private counsel. (*Cowan*, 22 Ill. App. 3d at 896-97.) Here, Nationwide was prompt in informing Tobi that it would not defend the action and that Tobi would need to retain private counsel. Waiver is defined as "a voluntary relinquishment of a known right, claim or privilege." (*Vaughn v. Speaker* (1988), 126 Ill. 2d 150, 161, 533 N.E.2d 885.) As Nationwide points out, an insurer is not required to assert all of its defenses to liability in a letter to its insured. (See *Tibbs v. Great Central Insurance Co.* (1978), 57 Ill. App. 3d 866, 868, 373 N.E.2d 492.) Tobi has cited no persuasive authority for the proposition that Nationwide is restricted to its exclusionary defenses because it initially informed Tobi that it intended to rely on them and did not reveal to Tobi an intent to rely on the defense of no coverage. We therefore hold that Nationwide did not waive its right to assert the defense that the policy did not provide coverage for the Louisiana claim.

■■ Next, we address whether Nationwide justifiably refused to defend Tobi in the Louisiana claim. In the case of *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1989), 193 Ill. App. 3d 1087, 1092, 550 N.E.2d 1032, the court discussed the framework within which we are to analyze whether Nationwide had a duty to defend this case:

"The allegations in the underlying complaint in the context of relevant policy provisions determine whether an insurer owes a duty to defend an action brought against the insured. [Citation.] If the complaint alleges facts potentially within the coverage of the policy, the duty to defend has been established. [Citation.] 'At the duty to defend stage *** the court [cannot] adjudicate disputed facts. That is the genesis of the rule that the court must look only to the complaint to see if the allegations show that the insured's conduct is potentially within coverage.' [Citation.]"

Doubt as to potential coverage is to be resolved in favor of the insured. *Wilkin Insulation*, 193 Ill. App. 3d at 1092, citing *La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 451.

The Illinois Supreme Court has likewise enunciated the touchstone for determination of whether Nationwide had a duty to defend. In *Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388, 393, 442 N.E.2d 245, the court stated:

"In this jurisdiction an insurer's duty to defend an action against its insured is determined by the allegations of the complaint. [Citations.] An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the complaint that the allegations fail to state facts which bring the policy within, or potentially within, the policy's coverage. [Citations.]"

At the outset, we note that Tobi has not argued that the provisions of the policy are ambiguous.

■ In this case, as indicated, the Louisiana complaint alleged that Tobi breached its contract with Afco by "failing to timely deliver nondefective pads to Afco." Afco pleaded four distinct types of damages it was entitled to as a result of Tobi's alleged breach, namely: a return of the purchase price, reimbursement of delay damages Afco owed the State of Louisiana, damage to Afco's business reputation and that Tobi was a manufacturer in bad faith and thus Afco was entitled to attorney fees. As the trial court indicated, the damages Afco requested were "intangible" and "purely economic." Tobi contends that the Afco complaint is so lacking in specificity that the allegation of the defective pads "gives rise to many possibilities of recovery under the policy." To the contrary, while the complaint is a simple three-page document, it is clearly one for breach of contract and the only damages sought are truly intangible and economic.

In arguing that the underlying claim potentially subjected it to liability for property damage under the policy, Tobi relies on a number

of cases wherein courts have held that the incorporation of a defective product into tangible property can constitute "property damage" as defined in similar policies. (See *Marathon Plastics, Inc. v. International Insurance Co.* (1987), 161 Ill. App. 3d 452, 514 N.E.2d 479; *Elco Industries, Inc. v. Liberty Mutual Insurance Co.* (1980), 90 Ill. App. 3d 1106, 414 N.E.2d 41; *Pittway Corp. v. American Motorists Insurance Co.* (1977), 56 Ill. App. 3d 338, 370 N.E.2d 1271.) What these cases have in common with each other is that diminution in value to the product to which the insured's product was incorporated had taken place. The facts of these cases reveal instances where the finished products had to be ripped apart or where the defect in the incorporated product caused a failure of the finished product to work properly.

■ Here, on the other hand, the Afco complaint does not allege or seek to recover any damages for diminution of value of the finished product (the bridge); incorporation of Tobi's product, moreover, is neither expressly alleged nor implied in the Afco complaint. What the Afco complaint does allege is that Tobi delivered defective pads, and did not deliver nondefective pads on time, which caused a delay in the project for which Afco became liable. Thus, Tobi's authorities are not persuasive. Further, even if it could be considered possible that incorporation did occur, given that damage to property is not the gist of the Afco action and that diminution in value is not alleged, coverage would not result. (See *CMO Graphics, Inc. v. CNA Insurance* (1983), 115 Ill. App. 3d 491, 450 N.E.2d 860; *Ludwig Candy Co. v. Iowa National Mutual Insurance Co.* (1979), 78 Ill. App. 3d 306, 396 N.E.2d 1329 (cases which denied coverage even though insured's product was incorporated into other product because the claims in underlying complaints involved only economic losses).) Nor does the holding in *Wilkin Insulation,* upon which Tobi places emphasis, compel a different result. That court relied on the case of *Board of Education v. A,C & S, Inc.* (1988), 131 Ill. 2d 428, 546 N.E.2d 580, in holding that the incorporation of asbestos into a building resulted in physical injury or property damage to the building. The gravamen of the *Wilkin Insulation* holding was that asbestos-related cost of repair and replacement is more than merely economic damage. Thus, Tobi's claim does not fit into the first prong of the property damage provision.

■ Tobi argues that the claim potentially fits into the second prong of the property damage provision—loss of use of tangible property caused by an occurrence. Tobi did not present an argument on this issue below. It is clear, however, that the delivery of defective pads and failure to timely deliver nondefective pads would not be an

"occurrence" as defined by the policy. The claim reveals no suggestion of an accident, exposure to elements or like situation resulting in bodily injury or property damage. (See *Hamilton Die Cast, Inc. v. United States Fidelity & Guaranty Co.* (7th Cir. 1975), 508 F.2d 417, 420.) The Afco complaint reveals no suggestion of property damage or bodily injury, neither expected nor intended by Tobi. See *Wilkin Insulation*, 193 Ill. App. 3d at 1097; *Elco Industries, Inc. v. Liberty Mutual Insurance Co.* (1977), 46 Ill. App. 3d 936, 938, 361 N.E.2d 589.

In short, a review of the Afco complaint makes it clear that the allegations fail to reveal facts which bring, or potentially bring, the case within the policy's property damage coverage.

■ Tobi also argues that the claim potentially fits into the advertising injury provision of the policy. That provision addresses itself to "injury arising out of an offense committed during the policy period occurring in the course of the **named insured's** advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, or infringement of copyright, title or slogan." The Afco complaint is a simple breach of contract action which does not implicate the types of actions under the advertising injury provision, and the trial court was correct to hold that Nationwide had no duty to defend based on this provision. We reject Tobi's implied argument that a duty to defend may be imposed where the type of damages alleged (here, damage to business reputation) is similar to the types of damages sometimes requested in the types of claims within the purview of the advertising injury section, where there is a total absence of facts to indicate that such a cause of action is being alleged.

■ Likewise, the trial court correctly held that coverage could not be based on the completed operations hazard provision of the policy. This is because this provision does not apply in the absence of bodily injury or property damage, neither of which has been alleged in the underlying complaint. We therefore hold that the trial court was correct in holding that Nationwide had no duty to defend the Afco claim and in granting Nationwide's motion for summary judgment.

■ Although not necessary to the disposition of the appeal, we will briefly comment on the alternate ground of Nationwide's motion for summary judgment. While it is axiomatic that in the absence of coverage exclusionary provisions are not relevant, the trial court found that, even assuming coverage or waiver, exclusion M(1) would excuse Nationwide from defending. As indicated, exclusion M(1) provides that the insurance does not apply to loss of use of tangible property which has not been physically injured or destroyed and results

from a delay in or lack of performance by or on behalf of the named insured of any contract or agreement. The Afco complaint alleged loss of use in that the contract was breached, thus causing delay in the project. There appears to be a symmetrical relationship between this exclusion and whether the underlying claim is one for property damage (see *Wilkin Insulation*, 193 Ill. App. 3d at 1100 (where the court observed that the exclusion will fail to the extent that property damaged is alleged)). Given the absence of an allegation of property damage in the complaint, the M(1) exclusion is applicable. The tangible property was not physically injured or destroyed and the claim arose out of a delay or lack of performance by the insured of a contract. Thus, the trial court's alternate basis for granting summary judgment was proper as well.

Accordingly, the judgment of the circuit court affirmed.

Affirmed.

McNAMARA and EGAN, JJ., concur.