CHARLES E. PRATT, Plaintiff-Appellant, v. PROTECTIVE INSURANCE COMPANY, Defendant-Appellee (Express Freight Lines, Inc., *et al.*, Defendants).

First District (4th Division)   No. 1—91—2011

Opinion filed August 5, 1993.—Rehearing denied September 10, 1993.

Craig M. Armstrong, of Armstrong & Surin, of Ottawa, for appellant.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, Scott O. Reed, and Anne Scheitlin Johnson, of counsel), for appellee.

JUSTICE CAHILL delivered the opinion of the court:

This is an appeal from the dismissal of a declaratory judgment action. The plaintiff Charles E. Pratt sought a declaration of rights under an insurance policy issued by defendant Protective Insurance to defendant Express Freight Lines (Express). While delivering a load of freight for Express, defendant Rondell Andrews caused an accident in which Pratt was injured. Pratt presently holds an unsatisfied $425,000 personal injury judgment against Andrews. Andrews is not a named insured under the policy issued to Express. Pratt's theory is that Andrews is covered even though unnamed in the policy because of his status as a "trip lessor" and driver for Express. The trial court dismissed Pratt's action, holding that Pratt's failure to join Express in the underlying negligence action, coupled with our ruling in an earlier appeal, *Pratt v. Andrews* (1987), 164 Ill. App. 3d 606, 518 N.E.2d 184 (*Pratt I*), and the language of the policy itself, bar his action. We reverse and remand. We hold that the failure to join Express in the underlying action, the decision in *Pratt I*, and the policy language relied upon by the trial court are not dispositive of Pratt's rights.

In 1981, Andrews contracted with defendant Trailer Leasing Company, a subsidiary of Express, to deliver a load of freight. Andrews owned and operated the tractor/trailer rig used to pick up the goods at the Express freight yards in Chicago. Under the "trip lease" agreement which governed their relationship, Andrews leased his rig to Express for the delivery and is therefore known as

the driver/trip lessor. As he drove to his destination, Andrews' rig blew a tire on Interstate 80/94 in Hammond, Indiana. He veered into another rig driven by the plaintiff, Charles Pratt. Both rigs crossed through the center guard rail into the opposite lanes of the interstate and collided with two oncoming automobiles.

Pratt was seriously injured in the accident. He sued Andrews for negligence. For reasons not included in the record, he did not name Express as a defendant. Nevertheless, defendant Protective, the insurers for Express, undertook Andrews' defense.

In November 1983, Andrews, through Protective's attorneys, responded to an interrogatory alleging that he was insured under policy number "X-395" issued by Protective to Express. Six months later, however, Protective filed a declaratory judgment action, joining Pratt and Andrews as defendants, alleging no duty to defend or insure Andrews under the policy. Then, in July 1984, while its declaratory judgment action was pending, Protective changed its answer to the interrogatory in Pratt's lawsuit, alleging that the policy did not cover Andrews. It then withdrew from defense of the case.

Pratt then amended his complaint to join Express as a defendant. The statute of limitations for negligence had run. Pratt joined Express, not on a negligence theory, but on a theory that the freight company had breached a contract to insure Andrews under the trip-lease agreement and Federal regulations governing interstate motor carriers. As a party injured by Andrews' alleged negligence, Pratt claimed to be a third-party beneficiary of the insurance Express should have provided for Andrews. The trial court dismissed this count against Express and Pratt appealed.

While Pratt's appeal and Protective's independent declaratory judgment action were pending, a $425,000 default judgment was entered against Andrews in the ongoing negligence action. Then, in June of 1987, Protective sought and obtained a voluntary dismissal of its declaratory judgment action. In November of 1987, this court affirmed the trial court's dismissal of Pratt's action against Express. See *Pratt v. Andrews* (1987), 164 Ill. App. 3d 606, 518 N.E.2d 184.

Subsequently, Pratt filed his own declaratory judgment action to determine the scope of coverage of Protective's policy. Pratt alleged coverage for Andrews under both the insurance policy and a surety bond numbered B-5084. The trial court dismissed the complaint, Pratt appealed, and that appeal is the matter before us.

Protective Insurance advances three procedural objections to Pratt's claim on appeal: (1) Pratt, the injured party holding a judg-

ment against Andrews, the tortfeasor, has no standing to litigate the rights of Andrews under an insurance policy in which Andrews is not a named insured; (2) Pratt is attempting to maintain a direct action against an insurer, an action prohibited by Illinois law; and (3) Pratt is collaterally estopped from litigating the insurance coverage because of our earlier decision in *Pratt I*.

Pratt presents the substantive question of actual coverage for Andrews under either the insurance policy or the surety bond.

We reject Protective's procedural objections to the merits of Pratt's claim. In examining the merits, we find as a matter of law that the surety bond does not provide independent insurance coverage for Andrews. We reverse and remand, however, for a hearing on the question of coverage under the insurance policy.

Protective stresses on appeal Pratt's failure to properly join Express in the underlying negligence action against Andrews. A finding of negligence against Express arguably would have provided an easier route to recovery for Pratt. Nevertheless, tort liability and liability for payment under an insurance agreement are separate issues. That one option has been foreclosed does not necessarily preclude the other.

Protective argues that the only circumstance under which this policy would provide payment to an individual injured by a driver/trip lessor occurs when a judgment has been obtained against Express itself, either alone or in conjunction with a judgment against the driver/trip lessor. Protective relies on the following language in the policy:

> "The Insured, as referred to herein, shall include:
> Express Freight Lines, Inc.
> 4924 South 13th Street
> Milwaukee, WI 53221
> and all subsidiaries and shall also include *officers, directors, and salaried personnel* of said company and subsidiaries, while acting within the scope of their duties as such officers, directors and salaried personnel." (Emphasis added.)

Because Andrews was neither an officer, director, nor salaried personnel of Express, Protective contends that the policy does not provide coverage directly to him. Protective admits, however, that Express might have been found liable for Andrews' actions had Express been properly joined in the underlying negligence action. Where an injured party actually obtained a judgment against Express, Protective concedes that the policy would have allowed for payment to the injured party.

Pratt contends, however, that Protective should pay a party injured by a driver/trip lessor whether or not a judgment is obtained against Express. He relies on different language in the policy, set forth in an "Additional Insured Endorsement" labelled endorsement No. 6:

"It is understood and agreed that

Trailer Leasing Co., Inc.
4924 South Austin Avenue
Chicago, IL 60638

is hereby named as an Additional Insured hereunder with respect to: trailers leased by Express Freight Lines, Inc., Cobra Division, but only with respect to occurrences arising out of the negligence of the Named Insured, *his agents, servants or employees.*" (Emphasis added.)

The plaintiff argues that as a driver/trip lessor for Trailer Leasing Company, Andrews was an agent of Express Freight and, therefore, that the policy directly provided insurance for his negligence.

■ Nowhere in the memoranda filed in support of motions in the trial court, or in the briefs filed before this court, does Protective mention endorsement No. 6 or respond to the plaintiff's agency argument. The plaintiff's argument on this point is not foreclosed by any earlier ruling in this case that we can find, including the opinion in *Pratt I.* See *Tobi Engineering, Inc. v. Nationwide Mutual Insurance Co.* (1991), 214 Ill. App. 3d 692, 574 N.E.2d 160 (doubt as to potential coverage in insurance contract is to be resolved in favor of the insured); *Protective Insurance Co. v. Coleman* (1986), 144 Ill. App. 3d 682, 494 N.E.2d 1241 (where conflict exists between provisions of policy proper and provisions of endorsement, the endorsement will control).

Whether or not Andrews was an agent of Express is an issue that should be resolved. The endorsement alone, or some combination of the policy proper and the endorsement, may provide coverage for Andrews even without a judgment against Express.

Pratt also relies on a surety bond as separate justification for Protective's duty to pay the judgment against Andrews. Protective filed the surety bond with the Interstate Commerce Commission and the Illinois Commerce Commission, effective April 1, 1979, as surety for Express.

■ We believe Pratt's reliance on the surety bond for coverage is without merit. Unlike the more involved language of the policy, the bond states clearly that it applies only to *"every final judgment recovered against the Principal."* (Emphasis added.) The bond also

defines the principal as Express Freight Lines, Incorporated. This language goes to the heart of the issue in this case in that it states that only judgments obtained against Express need be paid by Protective through the surety bond. A clause in an insurance contract which is clear and unambiguous will be applied as written. (*American Standard Insurance Co. v. Allstate Insurance Co.* (1991), 210 Ill. App. 3d 443, 569 N.E.2d 162.) On remand, we limit the plaintiff's arguments to the insurance policy.

Linked to Protective's argument that Pratt cannot enforce his judgment when the principal is not sued is the question of standing. Standing to bring a declaratory judgment action requires an actual controversy capable of being affected by an order of the court and an interested party in that controversy. Ill. Rev. Stat. 1991, ch. 110, par. 2—701(a); *Cottage-63rd Street Currency Exchange, Inc. v. Callahan* (1982), 104 Ill. App. 3d 586, 432 N.E.2d 1258.

█ Here, the controversy is whether or not the insurance issued to Express will provide payment for a judgment against Andrews. An injured party may always bring a declaratory judgment action to determine a tortfeasor's coverage under an insurance policy. (*Reagor v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99, 415 N.E.2d 512.) An actual controversy exists in suits to determine coverage under a liability insurance policy when the insurer is called upon to pay or to defend a claim on behalf of the insured. (*M.F.A. Mutual Insurance Co. v. Cheek* (1975), 34 Ill. App. 3d 209, 340 N.E.2d 331.) Pratt has called upon Protective to pay the judgment against Andrews, satisfying the actual controversy requirement.

An individual has sufficient interest in a controversy when he possesses a personal claim, status, or right which can be affected by a determination of the controversy. (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 362 N.E.2d 298.) Pratt obtained a judgment against Andrews of $425,000 in 1986, which remains unsatisfied. The possibility that insurance issued to Express is available to satisfy the judgment creates a sufficient interest for Pratt to be deemed an interested party with standing.

Protective also maintains that Pratt lacks standing because he does not hold a judgment against an insured of Protective. This point begs the question. All parties to this lawsuit recognize that Andrews was not a "named insured" under any form of insurance granted to Express. This declaratory judgment action, like the declaratory judgment action of Protective which was voluntarily nonsuited, presents the issue of whether Andrews was covered even

though he was not named, and if so, whether or not a judgment against him and only him must be paid by Protective. (See *Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 477, 430 N.E.2d 1104, 1108.) Because Protective and Express decided that the policy did not cover Andrews does not make it so. The insurer and the insured may not conspire to defeat the rights of an injured party. *Reagor v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99, 102, 415 N.E.2d 512, 514.

■ Protective next argues that the court in *Pratt I* found Pratt lacked standing to litigate Andrews' rights and therefore the law of the case bars Pratt's claim here. (See *Pratt I*, 164 Ill. App. 3d at 609.) After holding that Pratt lacked standing "to litigate the insurance coverage extended to Andrews or Express Freight," the court in *Pratt I* cited *Batteast v. Argonaut Insurance Co.* (1983), 118 Ill. App. 3d 4, 454 N.E.2d 706, in which a declaratory judgment action was dismissed for lack of standing where there had been no determination of liability in the underlying negligence action. The present case is now distinguishable from *Batteast*. Here, plaintiff has standing because he holds a judgment against Andrews and because Andrews is arguably an insured of Protective.

■ Protective finally argues that Pratt's action should be prohibited because it is against the public policy of Illinois to allow direct action suits against an insurance company. (See *Marchlik v. Coronet Insurance Co.* (1968), 40 Ill. 2d 327, 239 N.E.2d 799.) The argument fails to recognize the underlying policy prohibiting such suits. The policy barring direct action suits is based on the rationale that disclosure of liability insurance coverage at a trial is unfair to an insurer because juries may award larger sums of money when they know the negligent party is insured. (*Loeber Motors, Inc. v. Sims* (1975), 34 Ill. App. 3d 342, 350-51, 340 N.E.2d 132, 137-38; see *Marchlik*, 40 Ill. 2d at 333.) As the court stated in *Reagor v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99, 103, 415 N.E.2d 512, 515: "[A]dherence to this policy is required when the issue of the insurer's liability would be intermingled with that of the liability of the insured and with the assessment of damages." Here, Pratt has his judgment in hand. The liability of the alleged insured and damages have already been determined in the separate suit against Andrews. There is no possibility of intermingling the insurer and insured's liability in this case. See *Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 897, 412 N.E.2d 624, 629-30.

■ We address, finally, Protective's contention that under the opinion in *Pratt I*, Pratt is collaterally estopped from arguing that

Andrews is directly covered by insurance issued to Express. The doctrine of collateral estoppel acts to bar litigation of an issue of ultimate fact which has been previously litigated and decided by a valid and final judgment. (*People v. Thomas* (1991), 216 Ill. App. 3d 469, 576 N.E.2d 1020.) For the previous judgment to be conclusive, it must appear clearly and certainly that the identical and precise issue was decided in the previous action. *Benton v. Smith* (1987), 157 Ill. App. 3d 847, 510 N.E.2d 952.

We do not see the issue decided in *Pratt I* as identical to that presented by today's case. Pratt's argument in the present case is an alternative to the argument raised in the earlier action. *Pratt I* decided the breach of a contract to insure argument which relied on the assumption that no insurance covered Andrews but that Express had a duty to provide such insurance under ICC regulations. The issue of whether or not the insurance Express possessed did in fact cover Andrews was meant to be resolved by Protective's then pending declaratory judgment action. Protective argued this very point in its motion to dismiss Pratt's count against Express in Pratt's original negligence action.

Our analysis of the opinion in *Pratt I* leads us to conclude that we did not decide the issue of actual insurance coverage. We held: "Based upon this analysis, we determine that ICC regulations do not obligate Express Freight to obtain liability insurance in which Andrews would be specified as a named insured." (*Pratt I*, 164 Ill. App. 3d at 609.) This holding does not preclude litigation of the issue of whether or not the insurance issued to Express, in which Andrews is not a named insured, nevertheless by express language or construction provided coverage to Andrews so that Protective would have to pay a judgment against Andrews. We indicated as much in the opinion: "Pratt does not seek a declaratory judgment regarding the scope of coverage provided by Express Freight's insurance policy ***." *Pratt I*, 164 Ill. App. 3d at 610.

By taking a voluntary nonsuit in its declaratory judgment action, Protective left the issue of actual coverage unanswered. As of yet, the plaintiff has not had his day in court on the issue of coverage for Andrews. (*Alderman Drugs, Inc. v. Metropolitan Life Insurance Co.* (1979), 79 Ill. App. 3d 799, 398 N.E.2d 984 (granting of defendant's motion to dismiss is not a declaration of the parties' rights in a declaratory judgment action).) An injured party must be given at least one opportunity to litigate the question of a tortfeasor's coverage under a liability insurance policy before the injured party's interest in the insurance can be terminated. *M.F.A.*

*Mutual Insurance Co. v. Cheek* (1975), 34 Ill. App. 3d 209, 340 N.E.2d 331.

There are some circumstances where a judgment against a named insured is not necessary to collect under a policy. (See, *e.g., Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 430 N.E.2d 1104 (judgment obtained against person driving with named insured's permission but not against named insured); *Industrial Indemnity Co. v. Vukmarkovic* (1990), 205 Ill. App. 3d 176, 562 N.E.2d 1073.) Special considerations might apply in interpreting the insurance contracts of ICC motor carriers, however. Compare *Wellman v. Liberty Mutual Insurance Co.* (8th Cir. 1974), 496 F.2d 131 (interpreting ICC regulations and insurance contract to only require payment for final judgments against named insured or insurance carrier), with *Cosmopolitan Mutual Insurance Co. v. White* (D. Del. 1972), 336 F. Supp. 92 (holding that final judgment against driver/trip lessor not named in policy must be satisfied by insurance company); see generally *Rediehs Express, Inc. v. Maple* (Ind. Ct. App. 1986), 491 N.E.2d 1006 (providing history and purpose behind Federal regulation of motor carriers).

The trial court did not decide this issue. The trial court relied on our decision in *Pratt I* and the plaintiff's failure to join Express as a co-tortfeasor. Our reading of the record in *Pratt I* leads us to conclude that these factors are not dispositive of Pratt's claim. Accordingly, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

On remand, we ask the lower court to consider the substantive question of whether insurance policy X-395 requires Protective Insurance to pay the plaintiff for his judgment against Andrews. As the plaintiff's cause will be reinstated, he is free to bring another motion to amend raising his estoppel argument based on *Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 430 N.E.2d 1104.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.