LINDA CASWELL, Plaintiff-Appellant, v. ZOYA INTERNATIONAL, INC., et al., Defendants (Peerless Weighing and Vending Corporation, Defendant-Appellee).

First District (6th Division)   No. 1—94—1399

Opinion filed August 11, 1995.

Charles A. Spinuzza, of Chicago, for appellant.

William J. Harrington, of Law Offices of Shelmerdeane A. Miller, and Glenn D. Newman, of Commonwealth Edison Company, both of Chicago, for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Linda Caswell, appeals from an order of the trial court

granting the motion of defendant, Peerless Weighing and Vending Corporation (Peerless), to dismiss her breach of contract action with prejudice and from an order denying her motion for reconsideration. Plaintiff filed this action seeking damages for injuries she sustained when she fell through a trap door upon entering a store operated by codefendant, Zoya International, Inc. (Zoya), on property owned by Peerless. In her second amended complaint filed on May 19, 1993, plaintiff alleged negligence on the part of Zoya in the maintenance and use of the premises and on the part of codefendant 207 Wabash Building Management in the management and maintenance of the store. (Neither Zoya nor 207 Wabash Management is a party to this appeal.) Plaintiff also alleged breach of contract on the part of Peerless for failing to enforce a provision of a lease entered into with Zoya obligating Zoya to procure liability insurance for the subject premises.

In dismissing plaintiff's breach of contract claim against Peerless, the trial court ruled that plaintiff lacked standing to adjudicate the claim as she was not an intended third-party beneficiary of the lease agreement between Peerless, the lessor, and Zoya, the lessee. Pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), the trial court entered a written order finding that there was no just reason for delaying enforcement or appeal of its ruling and stayed plaintiff's remaining actions against Zoya and 207 Wabash Management pending resolution of plaintiff's appeal of the ruling.

On appeal, plaintiff contends that the trial court erred in concluding that she lacked standing to sue Peerless for breach of the lease agreement. She maintains that an injured member of the general public is a direct and intended third-party beneficiary of a lease provision obligating a lessee to obtain premises liability insurance. As a party injured on property which was the subject of such a lease provision, plaintiff argues that she is entitled to maintain an action against the lessor, Peerless, for failing to enforce the provision in spite of the fact that it had the authority under the lease to do so.

The lease agreement between Peerless and Zoya was executed on November 29, 1991. The subject provision provides:

"A. At all times during the terms of this Lease, Lessee shall, at its sole cost and expense, *but for the mutual benefit of Lessor \*\*\* and Lessee*, maintain in full force and effect the following policies of insurance:

(1) Comprehensive General Liability Insurance \*\*\* *under which Lessee and Lessor shall be named as parties insured, protecting and indemnifying from and against any and all claims* (including all costs and expenses of defending against same) for personal

injury, bodily injury, sickness, death or disease *** *arising out of the ownership, maintenance, or use of the demised premises,* the limits of which insurance shall not be less than one Million Dollars (1,000,000.00) for any one occurrence.

* * *

B. The insurance policies that Lessee is required to obtain and maintain pursuant to Subparagraph A. above shall not be cancellable or otherwise terminated without thirty (30) days prior written notice to Lessor. *** Certificates of Insurance evidencing that such insurance is in full force and effect shall be delivered to Lessor prior to Lessee's initial occupancy of the demised premises." (Emphasis added.)

In her amended complaint, plaintiff alleged in her claim against Peerless that Zoya never produced proof of insurance as required by the lease provision, never obtained insurance prior to the inception of the lease, and was uninsured at the time of the accident. Plaintiff further alleged that the insurance provision of the lease had been entered into for her direct benefit as a third-party beneficiary and that Peerless was liable to her for failing to enforce the provision. She alleged that as a proximate result of Peerless' breach, she sustained damages to the extent of any judgment that was uncollectible against Zoya.

Peerless moved to dismiss, contending that plaintiff did not have standing to sue for breach of the lease's insurance provision because she was neither a direct nor an intended third-party beneficiary of the lease. Peerless further argued that, even if the insurance provision was entered into for plaintiff's direct and intended benefit, she still could not maintain an action against it because a third-party beneficiary, as a matter of law, has no greater rights than the party under which she claims, and her remedy lies against the party required to supply her benefits, in this case Zoya. The trial court agreed that plaintiff was merely an incidental beneficiary of the insurance provision of the lease and thus lacked standing to sue Peerless for breach of contract. On this basis, the court granted Peerless' motion to dismiss.

■ In Illinois, there is a strong presumption that the parties to a contract intend the provisions of that contract to apply only to them, and not to third parties. (*Barney v. Unity Paving, Inc.* (1994), 266 Ill. App. 3d 13, 639 N.E.2d 592.) In order for a plaintiff third party to have standing to sue under a contract, " '[t]he contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear.' " (*Barney,* 266 Ill. App. 3d at 19, 639 N.E.2d at 596, quoting *Waterford Condominium Association*

*v. Dunbar Corp.* (1982), 104 Ill. App. 3d 371, 373, 432 N.E.2d 1009, 1011.) If the third party's benefit is shown by the language of the contract and the circumstances surrounding the parties at the time of its execution to be merely incidental, she has no right of recovery under the contract (*Ball Corp. v. Bohlin Building Corp.* (1989), 187 Ill. App. 3d 175, 543 N.E.2d 106; *Alaniz v. Schal Associates* (1988), 175 Ill. App. 3d 310, 529 N.E.2d 832), and "[l]iability *** cannot be expanded or enlarged simply because the situation and circumstances justify or demand further or other liability." *Ball*, 187 Ill. App. 3d at 177, 543 N.E.2d at 107.

In *Barney*, this court recently rejected the plaintiff's contention that she was a third-party beneficiary under a contract between the City of Chicago and defendant contractors, who breached the contract by failing to enforce the provision requiring their subcontractors to carry motor vehicle liability insurance. Plaintiff alleged negligence on the part of one subcontractor in colliding with the bus in which she was a passenger. Pursuant to the contract, the contractor was not to allow any subcontractor to commence work until the required insurance had been obtained.

The court held that, although the contract "clearly imposed" an obligation on the defendants to ensure its subcontractors carried appropriate insurance, plaintiff had no standing to sue the defendants under the contract because she was not an intended third-party beneficiary of the contract. The court rejected the plaintiff's assertion that the purpose of the requirement that the defendants require their subcontractors to have insurance was to protect members of the public such as the plaintiff who might be injured by a subcontractor. Instead, the court found that the contract as a whole clearly showed that the intent of the parties, and more specifically the city, in requiring the defendants to ensure their subcontractors carried insurance was to protect the city from possible loss as a result of a subcontractor's negligence while performing its obligations under the contract. The court emphasized that, "[i]f the intent to benefit others is not explicitly provided for in the contract, its implication at least 'must be so strong as to be practically an express declaration.' " (*Barney*, 266 Ill. App. 3d at 19, 639 N.E.2d at 597, quoting *Ball*, 187 Ill. App. 3d at 177, 543 N.E.2d at 107.) The court found no language in the contract which provided or evenly remotely implied that the intent behind the insurance requirements was to directly benefit the public. Such is the case here.

◼ The plain language of the lease's insurance provision indicates that the only intended beneficiaries of the provision were the lessor, Peerless, and the lessee, Zoya. The provision clearly reveals that its

purpose was to "protect" and "indemnify" Peerless and Zoya against all personal injury and other claims arising out of the ownership, maintenance or use of the subject property. At best, plaintiff benefitted only incidentally from the provision, and the fact that such a benefit may have been known, expected or even intended by the contracting parties does not mean that the contract was intended for her *direct* benefit. (See *Waterford*, 104 Ill. App. 3d 371, 432 N.E.2d 1009.) As plaintiff was only an incidental beneficiary of the lease's insurance provision, she has no right thereunder to sue Peerless for breach.

Plaintiff cites *Regear v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99, 415 N.E.2d 512, and *Gothberg v. Nemerovski* (1965), 58 Ill. App. 2d 372, 208 N.E.2d 12, in support of her contention that public policy compels the finding that she was an intended beneficiary of the insurance provision. These cases are distinguishable, however, from the factual situation presented here.

In *Regear*, the plaintiff sought a declaratory judgment regarding the scope of coverage under an existing insurance policy. The court held that an injured person is deemed to have an interest in the adjudication of an insurance coverage dispute between the owner of the property on which he was allegedly injured and the insurance company. (*Regear*, 92 Ill. App. 3d at 103, 415 N.E.2d at 514.) Here, plaintiff is not seeking a declaratory judgment regarding the scope of coverage under an existing insurance policy, and for that reason *Regear* is inapposite. See *Pratt v. Andrews* (1987), 164 Ill. App. 3d 606, 518 N.E.2d 184.

*Gothberg* is likewise distinguishable, since its holding is premised on specific public policy considerations regarding *automobile* liability insurance policies. As is evident, the present case did not involve automobile insurance; accordingly, the public policy justifications set forth in *Gothberg* need not necessarily be followed here. See *Pratt*, 164 Ill. App. 3d 606, 518 N.E.2d 184.

Without question, Peerless and Zoya were aware that members of the general public, like plaintiff, would benefit by the insurance requirement of the lease "in the sense that any injured person would be assured recovery for any loss caused by [Zoya's] negligence." (*Barney*, 266 Ill. App. 3d at 20, 639 N.E.2d at 597.) However, as previously stated, the benefit to plaintiff under the insurance provision is incidental compared to the direct, intended benefit realized by Peerless and Zoya as a result of Zoya's contractual duty to procure premises liability insurance. We reiterate that "the law cannot extend the liability of the promisor on the contract solely on the ground 'that the situation and circumstances of the parties justify or

demand further or other liability.' " (*Barney*, 266 Ill. App. 3d at 21, 639 N.E.2d at 597, quoting *Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 257-58, 178 N.E. 498, 501. See also *155 Harbor Drive Condominium Association v. Harbor Point, Inc.* (1991), 209 Ill. App. 3d 631, 568 N.E.2d 365; *Waterford*, 104 Ill. App. 3d 371, 432 N.E.2d 1009.) To accept plaintiff's argument—that the public policy "favoring the availability of contracted-for insurance coverage to innocent third parties" compels the conclusion that she may sue Peerless for failing to ensure that Zoya procure such coverage—we would have to reject the established body of case law which holds that a third party is considered a direct, versus incidental, beneficiary under a contract having standing to sue *only* when the contracting parties manifest an intent to confer a benefit on that party. Here, plaintiff has failed to show that Peerless and Zoya intended to benefit her directly when they incorporated the insurance provision into the lease. Accordingly, we agree with the trial court that plaintiff lacked standing to sue Peerless for breach of contract and hold that the court properly granted Peerless' motion to dismiss.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN and RAKOWSKI, JJ., concur.