SECOND DIVISION
FILED: November 13, 2007

No. 1-07-0684

| | | |
|---|---|---|
| RECORD-A-HIT, INC., | ) | APPEAL FROM THE |
| | ) | CIRCUIT COURT OF |
| Plaintiff-Appellant, | ) | COOK COUNTY |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL FIRE INSURANCE COMPANY OF | ) | |
| HARTFORD, TRANSCONTINENTAL INSURANCE | ) | |
| COMPANY, VALLEY FORGE INSURANCE COMPANY | ) | |
| and TRI-STATE HOSE & FITTING, INC., | ) | HONORABLE |
| | ) | STUART PALMER, |
| Defendants-Appellees. | ) | JUDGE PRESIDING. |

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Record-A-Hit, Inc., appeals from an order of the circuit court, dismissing its declaratory judgment action for failure to state a claim upon which relief might be granted. For the reasons which follow, we reverse the judgment of the circuit court and remand this matter for further proceedings.

The plaintiff filed the instant action seeking a judicial declaration that National Fire Insurance Company of Hartford, Transcontinental Insurance Company and Valley Forge Insurance Company (hereinafter referred to collectively as the "Insurance Company Defendants") owed a duty to defend and indemnify Tri-State Hose and Fitting, Inc. (Tri-State) with respect to a class-action

No. 1-07-0684

complaint that the plaintiff filed against Tri-State in the Circuit Court of Cook County, asserting claims for violations of the Telephone Consumer Protection Act (47 U.S.C. §227 (2000)) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq. (West 2006)), and a claim for conversion (hereinafter referred to as the "underlying action"). The Insurance Company Defendants filed a hybrid motion to dismiss brought pursuant to both section 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 619 (West 2006)). For their section 2-615 grounds, they argued that the plaintiff's complaint constitutes an impermissible direct action against liability insurance carriers and that it fails to allege the requisite elements of a declaratory judgment action. For their section 2-619 grounds, the Insurance Company Defendants asserted that the plaintiff's action should be dismissed pursuant to section 2-619(a)(3) (735 ILCS 5/2-619(a)(3)(West 2006)) by reason of "Another Action Pending between the Same Parties for the Same Cause" and pursuant to section 2-619(a)(9) (735 ILCS 5/2-619(a)(9)(West 2006)) because the plaintiff lacks standing to maintain the action. The circuit court granted the motion and dismissed the instant action "pursuant to 735 ILCS 5/2-615." This appeal followed.

Because this matter was disposed of at the trial level

2

No. 1-07-0684

pursuant to section 2-615 of the Code, the only question before this court is whether the plaintiff's complaint states a cause of action upon which relief might be granted. Burdinie v. Village of Glendale Heights, 139 Ill. 2d 501, 504, 565 N.E.2d 654 (1990). The issue presented is one of law; consequently, our review is de novo. T & S Signs, Inc. v. Village of Wadsworth, 261 Ill. App. 3d 1080, 1084, 634 N.E.2d 306 (1994).

The plaintiff's complaint alleges that it filed the underlying action against Tri-State premised upon the sending of "junk fax[es]" and sought, among other relief, recovery for property damage. Attached to the complaint is a copy of the plaintiff's complaint in the underlying action and copies of the insurance policies issued by the Insurance Company Defendants which, according to the complaint, provide for the defense and indemnification of Tri-State for property damage and advertising injury claims. The complaint asserts that Tri-State tendered the defense of the underlying action to the Insurance Company Defendants, and that they have refused to defend or indemnify Tri-State with respect to that action. According to the complaint, Tri-State has not commenced a declaratory judgment action with respect to its rights under the policies of insurance issued by the Insurance Company Defendants, and the plaintiff has not been named in any action seeking a declaration of Tri-State's rights under the

3

No. 1-07-0684

subject policies.

The Insurance Company Defendants make no claim in their brief before this court that the plaintiff's action constitutes an impermissible direct action against an insurance carrier. They do argue, as they did before the circuit court, that the plaintiff's complaint is deficient because it fails to allege that they have not filed a declaratory judgment action to determine coverage under the subject policies. Based upon the following analysis, we reject the argument and conclude that the plaintiff's complaint alleges sufficient facts to support an action for a declaratory judgment.

"The essential elements of a declaratory judgment action are: (1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests." Beahringer v. Page, 204 Ill. 2d 363, 372, 789 N.E.2d 1216 (2003). In the context of a declaratory judgment action arising from an insurance coverage dispute, an actual controversy exists when "all determinative facts giving rise to the potential policy coverage dispute have occurred prior to the initial demand upon the insurance company" and the insurer "is called upon to either pay or defend a claim on behalf of its insured under the terms of the policy in question." Gibraltar Insurance Co. v. Varkalis, 46 Ill. 2d 481, 485, 263 N.E.2d 823 (1970); see also Flashner Medical Partnership v.

4

Marketing Management, Inc., 189 Ill. App. 3d 45, 50, 545 N.E.2d 177 (1989).  A tort-claimant in an underlying action has a substantial right in the viability of a policy of insurance that might be the source of funds available to satisfy the tort claim, and such a claimant possesses rights in the insurance contract which vest at the time of the occurrence giving rise to the underlying claim. Chandler v. Doherty, 299 Ill. App. 3d 797, 805, 702 N.E.2d 634 (1998); Society of Mount Carmel v. National Ben Franklin Insurance Co. of Ill.; 268 Ill. App. 3d 655, 661, 643 N.E.2d 1280 (1994); Flashner Medical Partnership, 189 Ill. App. 3d at 54.

In this case, the plaintiff has alleged: its status as a tort-claimant in the underlying action; that the Insurance Company Defendants have issued policies of liability insurance which afford Tri-State coverage for the claims asserted in the underlying action and which obligate the Insurance Company Defendants to undertake Tri-State's defense; and that the Insurance Company Defendants have rejected Tri-State's tender of its defense in the underlying action and refuse to defend or indemnify Tri-State with respect the claims asserted in that action.  These allegations, when taken as true for the purposes of a section 2-615 motion (see Ziemba v. Mierzwa, 142 Ill. 2d 42, 47, 566 N.E.2d 1365 (1991)), establish the legal interests of the plaintiff and the defendants in the viability of the subject insurance policies and an actual controversy between

5

No. 1-07-0684

the parties concerning such interests. See Reagor v. Travelers Insurance Co., 92 Ill. App. 3d 99, 102-03, 415 N.E.2d 512 (1980). Further, the plaintiff's action is in no way premature as the complaint alleges that the Insurance Company Defendants have rejected Tri-State's tender of the defense of the underlying action and have declined coverage under their respective policies. Nevertheless, the Insurance Company Defendants, relying upon the holding in Dial Corp. v. Marine Office of America, 318 Ill. App. 3d 1056, 743 N.E.2d 621 (2001) (hereinafter referred to as Dial), argue that the plaintiff has failed to allege an essential element of a declaratory judgment action brought by a tort-claimant; namely, that the insurers have not commenced a declaratory judgment action to resolve the coverage dispute. We, however, find that no such allegation is necessary in order to adequately plead a declaratory judgment action.

In Reagor, the court held that, "[i]n order to maintain a declaratory judgment action, there must be an actual controversy between parties capable of being affected by a determination of the controversy." Reagor, 92 Ill. App. 3d at 102. Under circumstances where the defendant-insurer challenged the tort-claimants' standing to seek a declaratory judgment as to the coverage afforded to the tortfeasor under the defendant's policy of insurance, the Reagor Court concluded that the tort-claimants acquired rights under the

6

tortfeasor's policy of insurance at the time of the occurrence giving rise to their underlying action and that an actual controversy concerning coverage under the policy arose between the tort-claimants and the defendant-insurer at the time that the defendant-insurer withdrew its representation of the tortfeasor in the underlying action. Reagor, 92 Ill. App. 3d at 102-03. The Reagor Court concluded that there was a sufficient relationship between the tort-claimants and the defendant-insurer to enable the tort-claimants to litigate the question of coverage under the policy. Reagor, 92 Ill. App. 3d at 102-03. Although it appears that at the time that the tort-claimants filed the declaratory judgment action in Reagor neither the tortfeasor nor the defendant-insurer had filed an action to resolve the coverage issue (see Reagor, 92 Ill. App. 3d at 101-02), the Reagor Court never held that such a circumstance is a necessary predicate to a tort-claimant's right to initiate a declaratory judgment action (see Reagor, 92 Ill. App. 3d at 102-03).

In Dial, the court was again faced with a circumstance in which a tort-claimant brought a declaratory judgment action to determine the tortfeasor's coverage under an insurance policy which might be the source of funds to satisfy the underlying claim. Dial, 318 Ill. App. 3d at 1058. Although the Dial Court relied upon the reasoning in Reagor and concluded that the tort-claimant

7

had a right to bring the action, the court specifically limited the holding in Reagor to those cases where "neither the insured nor the insurer has filed a declaratory judgment action to determine the scope of the insurer's policy." Dial, 318 Ill. App. 3d at 1062-63. In support of its restrictive application of the holding in Reagor, the Dial Court relied upon a sentence from the supreme court's decision in Zurich Insurance Co. v. Baxter International, Inc., 173 Ill. 2d 235, 670 N.E.2d 664 (1996) which provides in part that the interests of underlying tort-claimants in how insurance coverage issues are resolved "is best protected by having the claimants participate directly in litigation between the insurance carrier and the insured, rather than by allowing the claimants to sue the carrier independently." Zurich Insurance Co., 173 Ill. 2d at 246. We, however, do not believe that this isolated passage from the decision in Zurich, when viewed in context, supports the Dial Court's limitation on the holding in Reagor.

The issue before the supreme court in Zurich was whether the circuit court abused its discretion when it stayed Zurich Insurance Company's Illinois action seeking a judicial declaration of rights under various insurance policies pending the outcome of a second declaratory judgment action involving the same issues filed by the insured in California. Zurich Insurance Co., 173 Ill. 2d at 237-38. The matter had come before the circuit court pursuant to a

section 2-619(a)(3) motion (see Zurich Insurance Co., 173 Ill. 2d at 237), which permits a defendant to move for a dismissal or stay whenever there is "another action pending between the same parties for the same cause" (735 ILCS 5/2-619(a)(3) (West 2006)). The parties to the California action were the insurers and the insured. The Illinois action included not only those parties, but also the claimants from the underlying tort actions that gave rise to the insurance coverage dispute. Zurich Insurance Co., 173 Ill. 2d at 246. The supreme court affirmed the appellate court's reversal of the stay entered by the circuit court, finding that the California action was less comprehensive than the Illinois action. Zurich Insurance Co., 173 Ill. 2d at 246-47. The court's holding rests in large measure upon the fact that, in Illinois, claimants in underlying tort actions are necessary parties that must be joined in any declaratory judgment action brought to resolve insurance coverage disputes involving policies that might be the source of funds to satisfy their claims; whereas, in California, the underlying tort-claimants are not necessary parties to any such declaratory judgment action between the insured-tortfeasor and the insurer. Zurich Insurance Co., 173 Ill. 2d at 245. It was in this factual context that the supreme court acknowledged the argument that the interests of tort-claimants in how insurance coverage issues are resolved is best served by having those claimants

participate directly in litigation between the insurance carrier and the insured-tortfeasor. Zurich Insurance Co., 173 Ill. 2d at 246. This passage from the opinion in Zurich is addressing the comprehensive nature of the Illinois procedure as compared to the procedure employed in California; it has nothing whatever to do with the allegations necessary to adequately plead a declaratory judgment action.

Additionally, we note that the portion of the Dial opinion which the Insurance Company Defendants relied upon in seeking the dismissal of the instant action pursuant to section 2-615 of the Code addresses the question of standing (see Dial, 318 Ill. App. 3d at 1062), not the question of whether Dial Corporation had adequately pled a declaratory judgment action. Lack of standing is an affirmative defense which is raised in a section 2-619(a)(9) motion, not a motion to dismiss brought pursuant to section 2-615 of the Code.

In Pratt v. Protective Insurance Co., 250 Ill. App. 3d 612, 621 N.E.2d 187 (1993), the court relied upon the reasoning in Reagor when it concluded that claimants in tort actions "may always bring a declaratory judgment action to determine a tortfeasor's coverage under an insurance policy." Pratt, 250 Ill. App. 3d at 618. We believe that, in cases where an actual controversy exists between a tort-claimant and the tortfeasor's insurance carrier, the

holding in Pratt represents an accurate statement of the law without the limitation imposed by the Dial court. Whether a prior filed action involving the same issues instituted by either the insured-tortfeasor or the insurer might form the basis of a dismissal or stay of the claimant's action is a matter to be resolved pursuant to section 2-619(a)(3) of the Code, not section 2-615.

In summary, we hold that a tort-claimant need not allege that neither the insured-tortfeasor nor the insurance carrier has filed a declaratory judgment action in order to adequately plead a declaratory judgment action to determine the scope of coverage afforded to the tortfeasor under a policy of insurance. For this reason, we find that the circuit court erred in dismissing the plaintiff's action pursuant to section 2-615 of the Code. We reverse the judgment of the circuit court and remand this cause for further proceedings.

Reversed and remanded.

SOUTH and KARNEZIS, JJ., concur.

11